# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRELL DUVON CELESTINE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-635-M |
| THE STATE OF OKLAHOMA, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Tyrell Celestine, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1). District Judge Vicki Miles-LaGrange referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court dismiss the Complaint for failure to state a claim.

## I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## II. STANDARD OF REVIEW

The Court must accept Mr. Celestine's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Celestine is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to

state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

## III. PLAINTIFF'S COMPLAINT/ALLEGATIONS

On April 3, 2016, Plaintiff was arrested. (ECF No. 1). The following day, charges were filed in Payne County District Court for attempting to elude a police officer and resisting arrest.[1] On April 16 2016, Mr. Celestine pled guilty to the first charge and state

---

[1] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=payne&number=CF-2016-273&cmid=319566

3

officials dismissed the charge for resisting arrest.[2] That same day, Plaintiff filed the instant civil rights complaint against the following Defendants: the State of Oklahoma, the City of Stillwater, the Payne County Sherriff, the Stillwater Police Department, the Payne County Jail, and "Turn Key Health et, al." (ECF No. 1). Plaintiff's Complaint alleges:

> Defendant's [sic] acting under color of law did violate Plaintiff [sic] 4th 5th 6th 7th 8th 9th and 10th Amendment right's [sic] and civil rights; Oklahoma Constitutional and Civil right's. [sic]. On or about April 3rd, 2016, the Defendant's [sic] willfully, knowingly, wrongfully, and unlawfully violated Plaintiffs constitutional and civil rights by and [sic] unlawful arrest and seizure of said Plaintiff Person; by assaulting said Plaintiff use of excessive force; police brutality, all in violation of Oklahoma Constitution and Civil Rights compounded by Federal Civil and Constitutional Rights violation's [sic] by said agent's [sic] of the Defendants. The Plaintiff further states that Defendant's abused thier [sic] discretion and a total reach in the abuse of power. The Plaintiff further pray's [sic] that this honorable court hear and grant said action. It is so prayed.

(ECF No. 1, 3).

Plaintiff makes general allegations regarding: (1) violations of his state and federal rights and (2) claims of excessive force, police brutality, and assault. But aside from stating the date he was arrested, Plaintiff has failed to provide any specific details in support of his claims. Instead, he has stated only "labels and conclusions," which are insufficient. *Twombly*, 550 U.S. at 555. Additionally, Mr. Celestine provides no facts describing the alleged assault nor does he state by whom he was assaulted. Plaintiff's failure to do so renders the Complaint legally deficient. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir.

---

[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=payne&number=CF-2016-273&cmid=319566

2007) (explaining "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated.").

The only specific factual statement in the Complaint is that Mr. Celestine was arrested on April 3, 2016. (ECF No. 1). Based on the named Defendants, Plaintiff was likely arrested by either the Payne County Sherriff's Department or the Stillwater Police Department. But in a case such as this one where Mr. Celestine has brought claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Mr. Celestine has failed to do so and the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Without more information, the Court should dismiss the Complaint for failure to state a claim upon which relief may be granted.

IV. **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

The Court should **DISMISS** Plaintiff's Complaint **(ECF No. 1)** for failure to state a claim upon which relief may be granted.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of

the District Court by **September 2, 2016.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on August 16, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE